**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Michael Smith, | Case No.: 2:18-cv-02207-JAD-VCF |
| Plaintiff | |
| v. | **Order Affirming the Magistrate Judge's Order and Denying Plaintiff's New Motion to Appoint Counsel** |
| Christy Craig-Rohan, et al., | |
| Defendants | [ECF Nos. 16, 17] |

Pro se and in forma pauperis plaintiff Michael Smith filed two motions[1] seeking the appointment of counsel in this civil-rights case, one of which was denied by Magistrate Judge Cam Ferenbach.[2] In his objection to Judge Ferenbach's order[3] and in his renewed motion,[4] Smith claims that "exceptional circumstances" warrant court-appointed counsel: Smith's extensive health problems—including diabetes, high blood pressure, asthma, and arthritis—interfere with his ability to litigate on his own behalf; and his case involves complex legal issues.[5] But Smith does not satisfy his burden of showing that Judge Ferenbach's order was "clearly erroneous" or "contrary to law" and, based on my review of the record, there are no "exceptional circumstances" warranting the appointment of counsel. So I affirm Judge Ferenbach's order, overrule Smith's objection, and deny Smith's renewed motion.

---

[1] ECF No. 14 (first motion to appoint counsel); ECF No. 17 (motion to appoint counsel).
[2] ECF No. 15 (order denying first motion to appoint counsel).
[3] ECF No. 16 (objection).
[4] ECF No. 17.
[5] ECF Nos. 16 at 1; 17 at 2–3.

**Discussion**

**A.    Standard of review**

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," subject to certain exceptions.  A district judge may "reconsider any pretrial matter . . . .where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[6]  The district judge may affirm, reverse, or modify the magistrate judge's order.[7]  A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed."[8]  An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.[9]

**B.    Appointment of counsel**

Smith objects to Judge Ferenbach's order and again moves for the appointment of counsel for his 42 U.S.C. § 1983 civil-rights suit, asserting that the complexity of his case and his medical conditions are "exceptional circumstances."[10]  But Judge Ferenbach's denial of Smith's motion for appointment of counsel was not clearly erroneous or contrary to law.  Like many prisoners who file civil-rights claims, Smith asks the court to find and appoint a free lawyer.[11]  A litigant does not have a constitutional right to appointed counsel in § 1983 civil-rights actions.[12]  The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides

---

[6] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

[7] L.R. IB 3-1(b).

[8] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

[9] *C.f.*, *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

[10] ECF No. 16 at 1 (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)); ECF No. 17.

[11] ECF Nos. 14, 16, 17.

[12] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

that "[t]he court may request an attorney to represent any person unable to afford counsel." However, and as Judge Ferenbach correctly notes, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[13] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"[14] "Neither of these considerations is dispositive and instead must be viewed together."[15]

Judge Ferenbach correctly determined that exceptional circumstances do not exist here.[16] Smith has demonstrated the ability to articulate his claims, despite his assertions of medical infirmity.[17] And Smith's legal claims—which center on whether requiring Smith to take his medications and suffer their side effects constitutes deliberate or willful indifference[18]—are not complex. I therefore overrule Smith's objection,[19] affirm Judge Ferenbach's order,[20] and deny Smith's renewed motion for the appointment of counsel.[21]

## Conclusion

IT IS THEREFORE ORDERED that Smith's objection **[ECF No. 16] is OVERRULED** and Judge Ferenbach's Order denying the appointment of counsel **[ECF No. 15] is**

---

[13] ECF No. 15 at 1 (citing *Terrell*, 935 F.2d at 1017); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (Section 1983 action).
[14] *Palmer*, 560 F.3d at 970.
[15] *Id.*
[16] ECF No. 15.
[17] *See id.* at 1.
[18] ECF No. 7 at 3 (complaint).
[19] ECF No. 16.
[20] ECF No. 15.
[21] ECF No. 17.

**AFFIRMED.**  IT IS FURTHER ORDERED that Smith's second motion for appointment of counsel **[ECF No. 17] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
September 29, 2020

4