**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHAEL SMITH,

    Plaintiff,

vs.

CHRISTY CRAIG-ROHAN, *et al.*,

    Defendant.

2:18-cv-02207-JAD-VCF

**ORDER**

Before the Court is the Motion to Extend Time re ECF No. 19 Notice of 41-1 Dismissal (ECF No. 20).

On June 29, 2021, the Clerk of Court mailed to Plaintiff the Notice Regarding Intent to Dismiss for Want of Prosecution Pursuant to Local Rule 41-1 (ECF NO. 19) since this case has been pending for more than 270 days without any proceeding of record. Plaintiff now requests a 90-day extension on the notice of Local Rule 41-1. He states that he is confused on the next step in his case.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Extend Time re ECF No. 19 Notice of 41-1 Dismissal (ECF No. 20) is GRANTED. The Clerk of Court is directed to mail Plaintiff a copy of the docket sheet and a copy of the screening order (ECF NO. 6).

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

    1. SEND Smith a courtesy copy of the Complaint;

    2. Re - ISSUE SUMMONSES for Defendants Philip Kohn, NaphCare, and Sheriff Joe Lombardo, and deliver those summonses—along with a sufficient number of copies of the complaint and this order—to the U.S. Marshal for service on these defendants; and SEND to Smith three USM-285 forms.

IT IS FURTHER ORDERED that Smith:

1. Has until **November 2, 2021**, to furnish to the U.S. Marshal a completed USM-285 form for each defendant with all relevant information provided so that the U.S. Marshal may accomplish service on each defendant;

2. Will have 20 days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished to file a notice with the court identifying which defendants were served and which were not served. If Smith wishes to have service again attempted on an unserved defendant, he must file a motion with the court identifying each unserved defendant and specifying a more detailed name and/or address or whether some other manner of service should be attempted; and

3. Must serve upon defendants or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Smith must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendant or defense counsel. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk that fails to include a certificate of service.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 3rd day of August, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE