# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Michael Smith, | Case No.: 2:18-cv-02207-JAD-VCF |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss** |
| Christy Craig-Rohan, et al., | [ECF No. 29] |
| Defendants | |

Three years ago, I screened pro se plaintiff Michael Smith's complaint, in which he alleged that defendant correctional-facility-healthcare-provider NaphCare forcibly medicated him using psychotropic drugs, and I found that he had pled a colorable Fourteenth Amendment claim for violation of his due-process rights.[1]  NaphCare now moves to dismiss that claim, contending that Smith cannot show that it has a policy, practice, or custom of forcibly medicating incarcerated patients—a requirement for holding private entities like NaphCare liable under 42 U.S.C. § 1983.[2]  Smith responds with only a conclusory statement that NaphCare does in fact have such a policy or custom.[3]  Because I find that Smith's allegations fall short of stating a claim against NaphCare, I grant the motion to dismiss.  But because I am not yet convinced that Smith cannot cure this deficiency, I do so with leave to amend.

---

[1] ECF No. 6.

[2] ECF No. 29; *see Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138–39 (9th Cir. 2012).

[3] ECF No. 34 at 2.

**Discussion**

**I.      Motion-to-dismiss standard**

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[4]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[5] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some viable legal theory*."[6]  A complaint that fails to meet this standard must be dismissed.[7]

But federal courts must also interpret all pleadings "so as to do justice."[8]  And the Supreme Court has consistently held that pro se pleadings are "to be liberally construed."[9]  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief."[10]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[11]

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[7] *Id.* at 570.

[8] Fed. R. Civ. P. 8(e).

[9] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[10] *Id.* (cleaned up).

[11] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**II.      Smith fails to state a plausible claim against NaphCare.**

The Ninth Circuit has held that the municipal-liability framework in the landmark Supreme Court case *Monell v. Department of Social Services* establishes the "parameters" of § 1983 liability for private entities acting under color of law.[12]  Under *Monell*, an entity "may be liable under § 1983 for constitutional injuries" that result from "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker."[13]  An entity cannot be held vicariously liable for its employees' actions simply "because it employs someone who is found to have violated a person's constitutional rights"; the plaintiff must show *deliberate* action attributable to the [private entity] that directly caused a deprivation of federal rights."[14]  A claim that fails to plausibly allege facts to support any of the four theories of *Monell* liability must be dismissed.[15]

Smith alleges that NaphCare violated his due-process rights by giving him the mind-altering, psychotropic drugs oxcarbazepine and Remeron against his will and without prescription for eleven months.[16]  The Supreme Court has long held that "an individual has a constitutionally protected liberty 'interest in avoiding involuntary administration of antipsychotic drugs'—an interest that only an 'essential' or 'overriding' state interest might overcome."[17]

---

[12] *Tsao*, 698 F.3d at 1138–39; *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978).

[13] *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

[14] *Id.* (cleaned up).

[15] *See Twombly*, 550 U.S. at 570.

[16] ECF No. 1-1 at 6; ECF No. 6 at 5–6.

[17] *Sell v. United States*, 539 U.S. 166, 178–79 (2003) (citing *Riggins v. Nevada*, 504 U.S. 127, 134–35 (1992); *see also Riggins*, 504 U.S. at 135 (citation omitted) ("[F]orcing antipsychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness.  The Fourteenth Amendment affords at least as much protection to persons the [s]tate detains for trial.").

NaphCare argues that it cannot be held liable even if its actions violated Smith's constitutional right to be free from involuntary medication because Smith has not alleged, and cannot show, that the violation occurred "as a result of a policy, decision, or custom promulgated or endorsed by NaphCare."[18]  Smith responds that NaphCare forcibly medicated him based on "erroneous information" and did so with "support[]" from "the policies, customs, and practices of NaphCare and enforced by NaphCare's medical personnel."[19]  As a result, he "suffered from extreme headaches, blurry vision, and substantial hallucinations."[20]  The allegations in Smith's complaint are insufficient to sustain his claim, and his only response to NaphCare's *Monell*-liability argument is a conclusory statement about its customs and policies that lacks any facts to support that conclusion.  So I grant NaphCare's motion to dismiss.  But because it isn't clear at this stage that Smith cannot plead sufficient facts to state a colorable claim, I dismiss his claim without prejudice and with leave to amend.

### III.   Leave to amend

Smith may amend his complaint to try one more time to provide the allegations necessary to state a Fourteenth Amendment claim for forced medication against NaphCare.  If Smith chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[21]  He should file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled

---

[18] ECF No. 29 at 4–5.

[19] ECF No. 34 at 2.

[20] *Id.*

[21] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

1   "First Amended Complaint."  Smith must follow the instructions on the form.  In each count, he

2   must allege true *facts* sufficient to show *every* element of his claims.  His claim against

3   NaphCare, for example, would need to contain facts sufficient to show that its alleged violation

4   of his rights was a product of "(1) an official policy; (2) a pervasive practice or custom; (3) a

5   failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker."  Just

6   saying so will be insufficient because collective, vague, speculative, or conclusory allegations

7   will not be enough.  Smith may not amend the complaint to add unrelated claims against other

8   defendants or re-plead other already-dismissed claims.  He must file the amended complaint by

9   **August 26, 2022**.

### Conclusion

11   IT IS THEREFORE ORDERED that defendant NaphCare's motion to dismiss

12   **[ECF No. 29] is GRANTED**.  Smith's forced-medication claim against NaphCare is **dismissed**

13   **without prejudice and with leave to amend**.

14   IT IS FURTHER ORDERED that the Clerk of Court is **directed to SEND** Smith the

15   approved form for filing a § 1983 prisoner complaint and instructions for the same.  If Smith

16   chooses to file an amended complaint, he must use the approved form and he must write the

17   words "First Amended" above the words "Civil Rights Complaint" in the caption.  If he does not

18   file an amended complaint by **August 26, 2022**, this action will proceed immediately on his

19   remaining failure-to-train claim against defendant Philip Kohn only.

_____
U.S. District Judge Jennifer A. Dorsey
July 27, 2022